UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **THOMAS GRANT,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **RYAN BINKLEY**, a Texas resident, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Thomas Grant ("Plaintiff Grant" or "Grant") brings this Class Action Complaint and Demand for Jury Trial against Defendant Ryan Binkley ("Defendant" or "Binkley") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making or having made on his behalf unsolicited pre-recorded calls to consumers' cellular phone numbers. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Grant, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1.      Plaintiff Grant is a resident of Hudson, New Hampshire.

2.     Defendant Binkley is a resident of Dallas, Texas.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District.

## INTRODUCTION

6.     As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10.     According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2024 alone, at a rate of 146.9 million per day. www.robocallindex.com (last visited May 13, 2024).

11.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

*Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.　The TCPA specifically prohibits "Political campaign-related autodialed or prerecorded voice calls, including autodialed live calls, autodialed texts, and prerecorded voice messages, are prohibited to cell phones, pagers or other mobile devices *without the called party's prior express consent.*"[3]

15.　These restrictions are necessary because the FCC has found that during "election seasons, like those before, will likely experience an increase in calls and texts from political campaigns."[4]

16.　In fact, "Every year around Election Day … the Monday before Election Day was the highest day on record for receiving robocalls."[5]

## COMMON ALLEGATIONS

17.　Defendant Ryan Binkley is a 2024 Republican candidate for President of the United States.[6]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.fcc.gov/rules-political-campaign-calls-and-texts
[4] *Id.*
[5] https://www.wrcbtv.com/story/42706718/political-robocalls-blowing-up-phones-across-the-nation-ahead-of-election-day
[6] https://binkley2024.com/

18.     In order to promote his telephonic town hall events, Binkley and/or his campaign on his behalf places pre-recorded calls to consumer cellular phones without first obtaining their prior express consent.

19.     Binkley expressly authorized the making of these pre-recorded calls or knew that they were going to be made for his personal benefit, to promote his presidential candidacy, and did nothing to stop them.

20.     As part of that, Binkley controlled the timing of calls, right before his telephonic town hall events.

21.     Binkley also actively promoted his town hall events through his personal social media channels, including on Facebook and Instagram:



⁷ https://www.instagram.com/p/C3CPEIYs_6h/



Ryan Binkley ✓
January 20 · 🌐

🇺🇸 Events on Sunday 🇺🇸

8:00am – 9:00am: The Works Bakery Cafe, Concord "Bagels with Binkley" (Details in first photo)

12:00pm – 12:45pm: The Barley House, Concord "Lunch and Meet and Greet" (Details in second photo)

5:00pm: UPDATED TIME: Telephone Town Hall with Ryan Binkley (Dial in details on 3rd photo)

6:00pm – 7:30pm: Murphy's Tap Room, Manchester "Dinner With Binkley" (Details on 4th photo)

Come learn about my vision for America (You can also find info at Binkley2024.com) I have published plans to balance the budget, reform immigration, deal with costs in healthcare, and more.

#WhoIsRyanBinkley #Binkley2024 #Believe2024 #FITN #NHPolitics #GOP #Binkmentum
[8]

22.     Binkley also controlled the recipients of calls, by dictating that the messages be sent to voters registered as independents, like Plaintiff, who had no prior relationship with him.

23.     Consumers have voiced their complaints online about receiving these unsolicited prerecorded messages from Binkley:

- "I keep getting phone calls from 502-465-5397 (Kentucky area code) and when you pick up, it 'transfers you into a conference' but *it's a pre-recorded* 'virtual town hall' from 'Ryan Binkley'. Anyone getting the same annoying phone calls?"[9] (emphasis added)

---

[8] https://www.facebook.com/Binkley2024

[9] https://www.reddit.com/r/newhampshire/comments/19cfb0k/i_think_ryan_binkley_has_the_most_obnoxious/

- "Got several. Didn't answer"[10]

- "I stopped answering the phone 2 weeks ago."[11]

- "Never stops calling (robocall / recorded message)"[12]

24.     In response to these calls, Plaintiff Grant brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF GRANT'S ALLEGATIONS

25.     Plaintiff Grant is the sole owner and user of his cell phone number ending in 2130.

26.     On January 20, 2024 at 1:08 PM, Plaintiff Grant received a pre-recorded call to his cell phone number from the Defendant, from 502-465-5397. When Plaintiff answered this call, he said "Hello?" but there was no response. A pre-recorded voice then began, "Welcome to this live telephone town hall for Ryan Binkley for President." Plaintiff was then transferred directly to hearing the town hall speech from Binkley.[13]

---

[10] Id.
[11] Id.
[12] https://callfilter.app/15024655397
[13] https://www.dropbox.com/s/11e5d8cjm0yzhti/240120_502-465-5397_RyanBinkley.wav?dl=0

27.    On January 21, 2024 at 5:02 PM, Plaintiff Grant received a pre-recorded call to his cell phone number from the Defendant, from 502-465-5397. When Plaintiff answered this call, he said "Hello?" but there was no response.

28.    As with the previous call, when Plaintiff answered this call, he said "Hello?" but there was no response. A pre-recorded voice then began, "Welcome to this live telephone town hall for Ryan Binkley for President." Plaintiff was then transferred directly to hearing the town hall speech from Binkley.[14]

29.    The voice that Plaintiff Grant heard in the 2nd call is identical to the voice he heard in the 1st call. From the intonation and tone, Plaintiff believes that both of the calls were pre-recorded.

30.    On January 22, 2024 at 9:51 AM, Plaintiff Grant received a call to his cell phone number from the Defendant, from 502-465-5397. This call was not answered.

31.    On January 22, 2024 at 7:27 PM, Plaintiff Grant received a text message to his cell phone number from the Defendant, from 857-299-6747:

---

[14] https://www.dropbox.com/s/5zyfohniz0s01a6/240121_502-465-5397_RyanBinkley.wav?dl=0



32. On January 22, 2024 at 8:22 PM, Plaintiff Grant received a pre-recorded call to his cell phone number from the Defendant, from 502-465-5397. When Plaintiff answered this call, he immediately heard, "Ryan Binkley for President town hall in progress."

33. Plaintiff Grant responded with, "Hello?"

34. A recording then stated, "Welcome to this live Ryan Binkley…" which then cut mid-sentence to the speech from Binkley.[15]

---

[15] https://www.dropbox.com/scl/fi/m22z0jg1uz2gfo4ds33ol/240122_502-465-5397_RyanBinkley.wav?rlkey=fdo59bru4lt43yz1vm9xxwq3n&dl=0

35.     Plaintiff believes that this call was pre-recorded because the call began part of the way into the initial message, there was no response to Plaintiff's greeting, and the 2nd part of the message was cut-off mid-sentence.

36.     Plaintiff Grant never provided any form of consent to Binkley to receive pre-recorded calls to his cell phone number.

37.     The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Grant in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

38.     Seeking redress for these injuries, Plaintiff Grant, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

39.     Plaintiff Grant brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Binkley or his campaign called on their cellular telephone number (2) using an artificial or pre-recorded voice.

40.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in

which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Grant anticipates the need to amend the Class definition following appropriate discovery.

41.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

42.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a)     whether Defendant Binkley or his agents placed pre-recorded voice message calls to Plaintiff Grant and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

   (b)     whether the calls constitute a violation of the TCPA;

(c)    whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(d)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43.    **Adequate Representation**: Plaintiff Grant will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Grant has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Grant and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Grant nor his counsel have any interest adverse to the Class.

44.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Grant. Additionally, the damages suffered by individual members of the Class will likely be small relative to

the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Grant and the Pre-recorded No Consent Class)**

45.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

46.     Defendant Binkley and/or its agents transmitted unwanted telephone calls to Plaintiff Grant and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

47.     These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff Grant and the other members of the Pre-recorded No Consent Class.

48.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Grant and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Grant requests a jury trial.

> **THOMAS GRANT**, individually and on behalf of all others similarly situated,

DATED this 27th day of May, 2024.

> By: /s/ *Stefan Coleman*
> Stefan Coleman
> COLEMAN PLLC
> 18117 Biscayne Blvd
> Suite 4152
> Miami, FL 33160
> Telephone: (877) 333-9427
> law@stefancoleman.com
>
> Nayeem N. Mohammed (local counsel)

Law Office of Nayeem N. Mohammed
539 W. Commerce St.
Ste 1899
Dallas, TX 75208
972-767-9099
Email: nayeem@nnmpc.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

\* *Pro Hac Vice* Admission to Be Sought